KENBROOKE FABRICS, INC., Plaintiff,

v.

SOHO FASHIONS, INC., Defendant.

No. 87 Civ. 5775 (MBM).

United States District Court, S.D. New York.

Aug. 10, 1988.

Andrew P. Lederman, Lester A. Lazarus, P.C., New York City, for plaintiff.

Jed Schlacter, Schwartz & Schlacter, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

This is a copyright infringement action brought by an alleged transferee of the rights in the copyright. Defendant has moved for summary judgment and for attorneys' fees on the grounds that plaintiff lacks standing to sue for copyright infringement and that it has failed to satisfy copyright registration and recordation jurisdictional prerequisites to an infringement action. For the reasons set forth below the motion is denied.

### I.

On January 23, 1979 Soptra Fabrics, Inc. ("Soptra"), not a party to this action, was granted Certificate of Copyright Registration, No. VA 17–255 for a fabric design then known as Pattern No. 10220, now known as No. 1779.[1] Plaintiff, Kenbrooke Fabrics, Inc., alleges that in October 1985 it purchased, for $25,000, the copyrighted fabric design, Pattern No. 1779, from Soptra, and has been the sole owner of the rights in the copyright since that time. According to the plaintiff Soptra went out of business shortly after the alleged transfer.

---

1. In its complaint plaintiff erroneously alleges that the Soptra's Certificate of Copyright Registration number is 262–934. However, the correct number is 17–255. Certificate of Copyright Registration No. 262–934 is a copyright registration dated May 6, 1987 naming plaintiff as both the "author" and "copyright claimant" for Pattern No. 1779.

Plaintiff alleges that upon receipt of the assignment of copyright from Soptra, a principal at Kenbrooke instructed the Textile Distributors Association, of which Kenbrooke is a member, to record the assignment with the United States Copyright Office. However, according to the plaintiff, a "mistake" occurred whereby instead of recording the transfer, "another Copyright Application was submitted on behalf of Kenbrooke" for the copyrighted fabric design.

Allegedly to remedy this error, by letter dated August 14, 1987, Angelo Bonnici, the President of Kenbrooke, advised the Register of Copyrights that Certificate of Copyright Registration No. Va 17–255 had been assigned from Soptra to Kenbrooke, requested that his letter be filed with the copyright registration, and enclosed the required filing fee. On April 6, 1988 Bonnici received a Certificate of Recordation certifying that his letter had been recorded.

## II.

Defendant advances two principal arguments in support of its motion: (1) that there was never a valid transfer of the rights in Copyright No. VA 17–255; and (2) that plaintiff has failed to comply with the statutory prerequisites—registration and recordation—for initiating a copyright infringement action. I turn first to the former claim.

■ To prevail in a copyright infringement action a plaintiff must show both ownership of the copyright and copying by the defendant. *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189 (2d Cir. 1985). The instant motion concerns only the element of ownership.

■ Under the Copyright Act the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right committed while he or she is the owner of it," 17 U.S.C. § 501(b), provided the owner complies with the Act's recordation and registration requirements. 17 U.S.C. §§ 205(d), 411. It is undisputed that the original owner of the copyright in the fabric design at issue was Soptra. The dispute centers on whether the copyright was ever validly transferred from Soptra to Kenbrooke and thus whether Kenbrooke is the proper owner of the rights in the copyright.

"A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a).

Notwithstanding a confusing reference to cases concerning loss of written copies of an instrument of transfer in plaintiff's memorandum of law, plaintiff, in the affidavit of its president, Bonnici, presents two documents that may well fulfill the statutory requirement. One is a letter, dated October 23, 1985, from a firm called Loomskill, Inc. to a firm called Craft Textile Printers and an invoice, dated October 23, 1985, from Loomskill to Kenbrooke. Plaintiff claims that these documents reflect the assignment of "all right, title and ownership" in Copyright No. VA 17–255. The letter, signed by a Production Manager at Loomskill, reads as follows:

> Please use this as a letter of authorization to transfer ownership of all screens holding at Craft for the following:
> Soptra Fabrics
> Loomskill Inc.
> Couleur Inc.
> to the account of Kenbrooke Fabrics Inc.

Bonnici received a carbon copy of the letter. The second document is a paid invoice from Loomskill to Kenbrooke for $25,000 for certain fabric screens including screens belonging to Soptra. The invoice bears what appears to be a signature. Bonnici has averred that Soptra and Loomskill were commonly owned, suggesting that Loomskill was acting as Soptra's agent.

Defendants argue that the letter and invoice are insufficient proof of any transfer because neither document is signed by the "owner of the rights conveyed," as required by § 204(a), nor refers to the original Soptra copyright or to Pattern No. 10220. As such, defendant contends that

plaintiff has not proved "a proprietary right through the chain of title in order to support a valid claim to the copyright." *Motta v. Samuel Weiser, Inc.*, 768 F.2d 481 (1st Cir.), *cert. denied*, 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 575 (1985).

Under Rule 56, Fed.R.Civ.P., the moving party bears the burden of proving that there is no issue of material fact to be tried, *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and all reasonable inferences must be drawn in favor of the party opposing the motion. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Mindful of this, and that the Court's function in deciding a summary judgment motion is to determine if any factual issues exist, not to resolve factual issues, *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962), I find that plaintiff has raised a material issue of fact precluding summary judgment.

Defendant has not met its burden of proving that the letter and invoice are insufficient to satisfy the statute's requirement that the transfer, or a note or memorandum of the transfer,[2] be in writing and signed by an appropriate individual. While I am mindful that under Rule 56(e), Fed.R. Civ.P., a party opposing a motion for summary judgment "may not rest on the mere allegations or denials of the adverse party's pleading" but instead must set forth "specific facts showing there is a genuine issue for trial," I find that plaintiff's assertion, in the affidavit of Angelo Bonnici, that Loomskill and Soptra had common stockholders raises, sufficiently, such a question of fact as to the relationship between the two firms and whether Loomskill was Soptra's "duly authorized agent." For if it is found that Loomskill is Soptra's "duly authorized agent" then the letter authorizing the transfer of ownership of

"screens holding at Craft" to Kenbrooke, quoted above, is sufficient to satisfy the requirement of § 204(a) that the "instrument of conveyance" or "a note or memorandum of the transfer" be "in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." Depending on whose signature it is determined appears on the face of the invoice, that document may satisfy the statute's requirements as well.

Furthermore, even if plaintiff has not complied with the requirements of § 204(a), this Circuit has held that where the "copyright holder appears to have no dispute with its licensee" on the issue of ownership, "it would be anomalous to permit a third party infringer to invoke this provision against the licensee." *Eden Toys, Inc.*, 697 F.2d at 36. Such appears to be the case here. In any event, defendant certainly has not shown that it is not the case.

Accordingly, defendant's motion for summary judgment on the ground that plaintiff is not the valid owner of the copyright in question is denied.

I turn next to defendant's claim that plaintiff has failed to satisfy the registration and recordation prerequisites to instituting a copyright infringement action.

### 1. Registration

▬ Title 17 U.S.C. § 411(a) provides that "no action for an infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made in accordance with this title." Under § 410(c) certificates of copyright registration are prima facie evidence that the copyright is valid. The party challenging its validity has the burden to prove the contrary. *Sparkle Toys, Inc.*, 780 F.2d at 193.

Title 17 U.S.C. § 409 requires, *inter alia*, that the registration application include "the name and address of the copyright

---

**2.** It should be noted that in *Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 36 (2d Cir.1982), the court held that "since the purpose of the provision [§ 204(a) ] is to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses, the 'note or memorandum of the transfer' need not be made at the time when the license is initiated; the requirement is satisfied by the copyright owner's later execution of a writing which confirms the agreement."

claimant" and "if the copyright claimant is not the author, a brief statement of how the claimant obtained ownership of the copyright."

Defendant contends "that plaintiff's filing, in its name, of Certificate of Copyright Registration No. VA 262–934, was false and fraudulent and known by plaintiff to be false and fraudulent when filed, for the evidence proves that (1) plaintiff was not the author of the design at issue; (2) plaintiff is not the owner of the copyright to said design; and (3) the design was not created in 1987." Accordingly, defendant maintains that the action should be dismissed.

However, in *Wales Indus. Inc. v. Hasbro Bradley, Inc.*, 612 F.Supp. 510, 514–515 (S.D.N.Y.1985) (Weinfeld, J.), the Court held that where a corporation which had been assigned limited rights in a copyright erroneously identified itself and not the assignor as the " 'copyright claimant' in contravention of the statute and regulations, this alleged error would not invalidate the registrations.... Since there [was] no indication that the claimed error was committed knowingly, and since identification of the copyright claimant ... would not have occasioned rejection of the applications by the Copyright Office, the alleged error would not require dismissal of ... [the] infringement claims." *Id.* at 515. "Such error," Judge Weinfeld held, "could be readily corrected by ... filing supplementary registrations with the Copyright Office." *Id.* (citing 17 U.S.C. § 408(d); 37 C.F.R. § 201.5).

Defendant has offered no evidence that plaintiff's errors on its registration application were "committed knowingly" other than the conclusory statement quoted above. There remains the possibility that such errors were in fact innocent. Accordingly, I find that based on the present record the errors made on plaintiff's registration application are not sufficient to warrant dismissal of the suit.

### 2. Recordation

Title 17 U.S.C. § 205(d) states:

No person claiming by virtue of a transfer to be the owner of a copyright or of any exclusive right under a copyright is entitled to institute an infringement action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action that arose before recordation.

■ Defendant contends that Bonnici's letter to the Register of Copyrights does not satisfy the statutory requirement that the recorded document be "the instrument of transfer." Although neither party has cited any cases on this issue, I am persuaded by the reasoning in *Co–Opportunities, Inc. v. Nat'l Broadcasting Co.*, 510 F.Supp. 43, 48–49 (N.D.Cal.1981), where the Court held that although the statute omits the wording "or a note or memorandum of the transfer," found in § 204(a), such a document would satisfy the recordation requirement whose purpose is "to provide record notice of a transfer prior to bringing suit." *Id.* at 48. *See also Northern Songs, Ltd. v. Distinguished Productions*, 581 F.Supp. 638 (S.D.N.Y.1984); Melville Nimmer, 3 *Nimmer on Copyright* § 12.08 (1988). Bonnici's letter advising the Register of the alleged transfer provided sufficient record notice of its existence.

Furthermore, even if I were to find that the recordation was defective, "courts have consistently permitted a plaintiff to correct a defective recordation, and go forward with the suit as of the date of the filing of the action." *Northern Songs, Ltd.*, 581 F.Supp. at 641, and cases cited therein.

In addition, that plaintiff recorded the letter some eight months after initiating this action would not compel dismissal. It is sufficient that it was filed "before the hearing on the instant motion." *Wales Indus. Inc.*, 612 F.Supp. at 514–515.

For the reasons set forth above, defendant's motion for summary judgment and for attorneys' fees is denied.

SO ORDERED.