GREAT SOUTHERN HOMES, INC., and
James A. Gleason, Plaintiffs,

v.

JOHNSON & THOMPSON REALTORS,
Shirley Shuette, and William Smithson
and Don Smithson, individually, and
d/b/a the Smithson Company, and Don
Bledsoe, individually, and d/b/a Bled-
soe Builders, Defendants.

No. 3:91–0870.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 25, 1992.

Steven A. Cobb, Waller, Lansden, Dortch
& Davis, Nashville, Tenn., Dennis James
Meaker, Springfield, Tenn., for Great
Southern Homes, Inc. and James A. Glea-
son.

John M. Tipps, John R. Jacobson, Bass,
Berry & Sims, Julian Lee Bibb, Overton
Thompson, III, Farris, Warfield & Kana-
day, Nashville, Tenn., for Johnson &
Thompson Realtors.

Julian Lee Bibb, Overton Thompson, III,
Kemper Harlan Dodson, III, Dodson, Par-
ker & Behm, Nashville, Tenn., for Shirley
Schuette.

Donald S. Caulkins, Sr., Caulkins and
Caulkins, Franklin, Tenn., for William
Smithson, Don Smithson and Don Bledsoe.

## MEMORANDUM

WISEMAN, District Judge.

### I

This case involves the alleged copyright
infringement of home plans. Plaintiff
Great Southern Homes possessed an exclu-

sive license to market home plans designed by Plaintiff James Gleason. Great Southern entered into an agreement with Osias Enterprises, Inc., (not a party to this suit) to build some of the Gleason homes in Greystone Estates in Williamson County, Tennessee. Johnson & Thompson realtors, defendants in this suit, were to be the exclusive sales agent for these homes. Great Southern and Osias later agreed to terminate the contract, but Plaintiffs allege that Defendants nonetheless made unauthorized copies of the architectural drawings, and that the Defendants Smithson and Bledsoe have constructed homes according to these plans. Great Southern and Gleason have sued Schuette, Johnson & Thompson, the Smithsons, and Bledsoe for copyright infringement.

Defendant Johnson & Thompson has moved for partial summary judgment against both plaintiffs, and Defendants Smithson and Bledsoe have adopted their motion with respect to the plaintiffs' claims against them as well. Briefly, Johnson & Thompson argue that Great Southern, which possessed only an oral license to use the plans, is not an "owner" of the copyright with standing to sue for infringement. With respect to Plaintiff Gleason, Johnson & Thompson argue that because the alleged infringement commenced prior to the registration of the works in issue, Gleason is barred from recovering statutory damages and attorney's fees.

The Plaintiffs argue in response that the statute's requirement of a writing is not meant to protect third-party infringers, and that Defendants should not benefit from the lack of formality in a contract to which they were not a party. They agree that statutory damages and attorney's fees are not available as to the one home which was completed prior to the plans' registration, but that they are available as to the other two homes, construction of which was commenced following registration.

This motion poses two questions: First, whether Great Southern is an "owner" of the plans' copyright even though its agreement was, at the time of the alleged infringement, merely oral; and second,

whether the construction of one allegedly infringing home establishes that the infringement "commenced" prior to registration so that statutory damages and attorney's fees are not available. For the reasons stated below, this Court answers both questions in the affirmative.

## II

The standards governing the decision on a motion for summary judgment are well-established. Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476–80 (6th Cir.1989). The party seeking summary judgment bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. Upon meeting this burden, the burden shifts to the nonmoving party, which cannot rest on its pleadings, but must present some "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553. A dispute about a material fact is "genuine" within the meaning of Fed.R.Civ.P. 56 only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Id.* at 252, 106 S.Ct. at 2512. Of course, the court is to construe the evidence and all inferences to be drawn from it in the light most favorable to the nonmoving party. *Id.* at 255, 106 S.Ct. at 2513–14.

## III

*"Ownership" of the Copyright*

■ The Defendants assert that Great Southern lacks standing as an owner of the copyright in the home plans, because at the time the complaint was filed, the exclusive license agreement between Gleason and Great Southern was merely oral. They

point to a statutory provision which appears to require that transfers be in writing:[1] 17 U.S.C. § 204(a) provides:

A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

The Defendants assert that because the transfer was only recently memorialized in a writing, Great Southern's interest is invalid, and that Great Southern lacked standing as an owner to bring an infringement action.

Great Southern makes two arguments in response: First, that § 204(a), like the Statute of Frauds, was intended to resolve disputes between owners and alleged transferees, and was not intended to operate for the benefit of a third-party infringer when there is no dispute between the owner and transferee. Second, they argue that the case law establishes that their subsequent memorialization relates back *ab initio*, and renders the transfer valid.

Great Southern's first argument—that the Statute of Frauds provision was not intended to benefit a third-party infringer, finds support in *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27 (2d Cir.1982), in which the Court stated: "In this case, in which the copyright holder appears to have no dispute with its licensee on this matter, it would be anomalous to permit a third party infringer to invoke this provision against the licensee." *Id.* at 36. Messrs. Nimmer and Nimmer quote this same sentence with approval in their leading treatise on copyright, M. Nimmer and D. Nimmer, 3 *Nimmer on Copyright* § 10.03[A], at 10–36 (1992).

Furthermore, this precise issue was resolved in favor of the alleged transferee in *Kenbrooke Fabrics, Inc. v. Soho Fashions, Inc.*, 690 F.Supp. 298 (S.D.N.Y.1988). In *Kenbrooke Fabrics*, as in this case, an alleged transferee brought an infringement action against a third party, and the third party moved for summary judgment on the grounds that the transfer was not memorialized in writing. The District Court denied the motion, noting the Second Circuit's decision in *Eden Toys*.

Although there are no cases in this circuit addressing this issue, the *Eden Toys* and *Kenbrooke Fabrics* decisions are well-reasoned, and should be followed. Section 204(a) is analogous to the Statute of Frauds, and it would disserve copyright law's purpose to permit this provision to benefit an alleged wrongdoer, particularly when both the owner and the transferee have joined as plaintiffs in the same lawsuit.

The Defendants' sole authority on this point, *Effects Assoc., Inc. v. Cohen*, 908 F.2d 555 (9th Cir.), cert. denied sub nom. *Danforth v. Cohen*, — U.S. —, 111 S.Ct. 1003, 112 L.Ed.2d 1086 (1990), is not to the contrary. *Effects* involved a suit by the original "author" of copyrighted film against a movie producer who failed to compensate the author as agreed. It did not involve a suit against a third-party infringer, and is inapposite, therefore, to the present case.

Section 501(b) provides further support for the Court's conclusion that § 204(a) was not intended to provide a refuge for those infringing a copyright interest transferred by oral agreement. That section provides:

(b) The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it....

17 U.S.C.A. § 501(b) (West, Supp.1992). Prior to the 1989 amendments harmonizing

---

**1.** Defendants also assert that 17 U.S.C. § 205(d) (1988) requires the transfer to be in writing. Under this section, a transferee could not bring an infringement action until the transfer was recorded with the copyright office. This requirement was repealed effective March 1, 1989, in conformity with the Berne Convention. Because the Defendants do not allege that any of the allegedly infringing acts occurred prior to the date of the amendment, this argument is without merit.

the United States' laws with the Berne Convention,[2] the second clause of this sentence read: "subject to the requirements of sections 205(d) and 411." 17 U.S.C.A. § 501(b) (West 1977). The former reference to § 205(d), and its deletion in the 1989 amendments, demonstrates that when Congress wanted to make one of the transfer requirements of Chapter 2 a prerequisite to an infringement action under Chapter 5, it tied the Chapters together with a reference in § 501. The absence of such a reference to the requirements of § 204(a) further supports the *Eden Toys* conclusion.

■ Shortly after the Defendants filed their motion for summary judgment, Great Southern and Gleason signed a writing memorializing their agreement. The Plaintiffs argue that this subsequent memorialization of the transfer relates back to the time of the oral agreement, and makes the transfer valid. Several courts have reached this same conclusion, including the Second Circuit in *Eden Toys*, 697 F.2d at 36–37. Nimmer has summarized this argument nicely:

> The provision [in 17 U.S.C. § 204(a)] that as an alternative to an "instrument of conveyance" there may be "a note or memorandum of the transfer" apparently codifies the judge made rule under the 1909 Act that if a prior oral grant is subsequently confirmed in writing, this will validate the grant *ab initio* as of the time of the oral grant.

3 *Nimmer on Copyright* § 10.03[A], at 10–36 (citations omitted).

The Defendants argue that the fact that the writing was signed *after* the complaint was filed in this case is somehow relevant; the Court fails to understand the significance of this fact. *Dan–Dee Imports, Inc. v. Well–Made Toy Mfg. Corp.*, 524 F.Supp. 615 (E.D.N.Y.1981), provides a useful comparison. *Dan–Dee* was decided under former § 205(d) (which has since been repealed), and the defendant moved for dismissal on the grounds that the plaintiff's failure to register the copyright deprived the court of subject-matter jurisdiction. The court disagreed, holding that the plain-

tiff's registration after the filing of the complaint cured the defect, and the court treated the plaintiff's offered amended complaint as a supplemental pleading. The same logic applies in this situation. Even assuming that a writing is required in a suit against a third-party infringer, Great Southern and Gleason's writing should be treated as curing any defect in jurisdiction.

The Court, therefore, agrees with both of Plaintiffs' arguments on the question of Great Southern's standing to bring this infringement action as an owner of the copyright, and must deny the Defendants' motion for summary judgment on this issue.

*"Commencement" of Infringing Activities*

■ The Defendants also argue that the Plaintiffs may not recover statutory damages and attorney's fees because the infringing acts commenced prior to the registration of the copyright in the plans. Section 412 of Title 17 provides:

> In any action under this title, other than an action instituted under section 411(b), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> . . . . .
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Defendants argue that because one home was constructed prior to the registration of the copyright, there is no question that the allegedly infringing acts (copying the plans) commenced prior to registration as well.

This case is governed by the Sixth Circuit's decision in *Robert R. Jones Associates, Inc. v. Nino Homes*, 858 F.2d 274 (6th Cir.1988). In *Robert R. Jones*, a developer built seven houses from copyrighted plans which he unlawfully copied. The designer failed to register the copyright, however, until after he had discovered houses built

---

**2.** See note 1, above.

from his plans. Thus, at the time of registration, two of the seven homes were complete. The district court found that the developer had infringed the copyright by making copies of the plans, and awarded statutory damages and attorney's fees, reduced to ⅝ths to take into consideration the completion of two of the homes.

The Sixth Circuit held that § 412 barred all recovery of statutory damages and attorney's fees, because the infringing acts commenced prior to the registration of the copyright. The court stated:

> Conceptually, therefore, using those infringing copies to build seven homes did not constitute seven distinct acts of infringement. Rather, the infringing act was the making of infringing plans, and the construction of the houses according to those infringing copies merely multiplied the damages attributable to the infringing act.

*Id.* at 281.

In all relevant respects, *Robert R. Jones* is indistinguishable from the present case. In the present case, there were three houses built according to infringing copies of the Plaintiffs' plans. One was completed before the registration, and two others were constructed after registration. In *Robert R. Jones*, seven houses in all were completed, and two were constructed before the registration of the plans.

The Plaintiffs argue that there exists a genuine issue of material fact, because the Defendants have not shown when the two subsequent houses were constructed. The Court finds that the question of the timing of the second homes' construction is immaterial; under *Robert R. Jones*, because the plans were copied prior to registration, and because one house was constructed prior to registration, the Plaintiffs are foreclosed as a matter of law from recovering statutory damages and attorney's fees. The timing of subsequent infringing acts cannot change this conclusion.

This decision does not deprive the Plaintiffs of a meaningful remedy; they may still recover actual damages for copyright infringement, and damages under their two other theories of recovery. Summary judgment on the issue of statutory damages and attorney's fees must, however, be granted to the Defendants.